1  KILPATRICK TOWNSEND & STOCKTON LLP
   DENNIS L. WILSON (State Bar No. 155407)
2  dwilson@kilpatricktownsend.com
   DAVID K. CAPLAN (State Bar No. 181174)
3  dcablan@kilpatricktownsend.com
   CAROLINE Y. BARBEE (State Bar No. 239343)
4  cbarbee@kilpatricktownsend.com
   9720 Wilshire Blvd PH
5  Beverly Hills, CA 90212-2018
   Telephone: 310-248-3830
6  Facsimile: 310-860-0363

7
   Attorneys for Plaintiff
8  SHOWTIME NETWORKS INC.

9
                    UNITED STATES DISTRICT COURT
10
             FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
                        WESTERN DIVISION
12

13 SHOWTIME NETWORKS INC.,              CASE NO. 2:17-cv-6041

14              Plaintiff,
                                        COMPLAINT FOR:
15       v.

16 JOHN DOE 1 d/b/a Kopa Mayweather     **(1) DIRECT FEDERAL
   d/b/a <Livestreamhdq.com>;           COPYRIGHT INFRINGEMENT (17
17 <mayweathervsmcgregor.livestreamhdq.c U.S.C. §§ 411(c), 501, *et seq.*);**
   om>;
18 <mayweathermcgregor.livestreamhdq.co  **(2) CONTRIBUTORY FEDERAL
   m>;                                   COPYRIGHT INFRINGEMENT (17
19 <mcgregorvsmayweather.livestreamhdq.c U.S.C. §§ 411(c), 501, *et seq.*);**
   om>; and JOHN DOE 2 d/b/a Mickel
20 Edwards d/b/a                         **(3) VICARIOUS FEDERAL
   <Floydmayweatherconormcgregor.us>;    COPYRIGHT INFRINGEMENT (17
21 <Floydmayweathervsconormcgregorfight. U.S.C. §§ 411(c), 501, *et seq.*);**
   us>;<Floydmayweathervsmcgregor.us>;<
22 Maywheathermcgregorfight.us>;<Mayweat
   hermcgregorlivefight.us>;<Mayweathervs
23 conorlive.us>;<Mayweathervsconormcgre
   gorlive.us><Mayweathervsmcgregor.us>;
24 <Mayweathervsmcgregor2017live.us>;<
   Mayweathervsmcgregorboxing.us>;<May
25 weathervsmcgregorbuytickets.us>;<May

26

27

28

COMPLAINT
                                                              - 1 -

1   weathervs-
2   mcgregorlive.us>;<Mayweather-vs-
    mcgregorlive.us>;<Mayweather-vs-
3   mcgregor-live.us>;
4   <Mayweathervsmcgregorliveboxing.us>;
    <Mayweathervsmcgregorlive-
5   boxing.us>;<Mayweathervsmcgregorlive-
6   fight.us>;<Mayweathervsmcgregorlive-
    online.us>;<Mayweathervsmcgregorlive-
7   ppv.us>;<Mayweathervsmcgregor-live-
8   stream.us>;<Mayweathervs-
    mcgregorlivestream.us>;<Mayweathervs-
9   mcgregorlive-stream.us>; <Mayweather-
10  vs-mcgregorlivestream.us>;
11  <Mayweathervs-
    mcgregorlivestreaming.us>;<Mayweather
12  -vs-mcgregorlivestreaming.us>;
13  <Mayweathervsmcgregorppvbuys.us>;
    <Mayweathevsrmcgregorppvfight.us>;
14  <Mcgregorvsfloydmayweather.us>;
15  <Mcgregorvsmayweatherppvfight.us>;
    <Watchconormcgregorfightonline.us>;
16  <Watchmayweathervsmcgregorlive.us>;
17  <Watchmayweathervsmcgregorlivestream
    .us>;<Watchmayweathevsrmcgregorlivefi
18  ght.us>;<Watchmayweathevsrmcgregorp
    pvfight.us>;<Watchmcgregorvsmayweath
19  er.us>;<Watchmcgregorvsmayweatherliv
20  e.us>;
    <Watchmcgregorvsmayweatherlivestream
21  .us>; <mayweathervs-mcgregor.us>;
22  <mayweathervsmcgregorliveonline.us>;
    <mayweathervsmcgregorliveppv.us>;
23  <mayweathervsmcgregorlivestream>; and
24  <mayweathervmcgregorppvbuys.us> and
    JOHN DOES 3-10 inclusive,
25
26          Defendants.
27
28

Plaintiff  Showtime Networks Inc. ("Plaintiff"), complaining of Defendants JOHN DOE 1 d/b/a Kopa Mayweather d/b/a <Livestreamhdq.com>; <mayweathervsmcgregor.livestreamhdq.com>; <mayweathermcgregor.livestreamhdq.com>; and <mcgregorvsmayweather.livestreamhdq.com>; and JOHN DOE 2 d/b/a Mickel Edwards d/b/a <Floydmayweatherconormcgregor.us>; <Floydmayweathervsconormcgregorfight.us>;<Floydmayweathervsmcgregor.us>; <Mayweathermcgregorfight.us>;<Mayweathermcgregorlivefight.us>;<Mayweatherv sconorlive.us>;<Mayweathervsconormcgregorlive.us><Mayweathervsmcgregor.us>; <Mayweathervsmcgregor2017live.us>;<Mayweathervsmcgregorboxing.us>;<Maywe athervsmcgregorbuytickets.us>;<Mayweathervs-mcgregorlive.us>;<Mayweather-vs-mcgregorlive.us>;<Mayweather-vs-mcgregor-live.us>; <Mayweathervsmcgregorliveboxing.us>;<Mayweathervsmcgregorlive-boxing.us>;<Mayweathervsmcgregorlive-fight.us>;<Mayweathervsmcgregorlive-online.us>;<Mayweathervsmcgregorlive-ppv.us>;<Mayweathervsmcgregor-live-stream.us>;<Mayweathervs-mcgregorlivestream.us>;<Mayweathervs-mcgregorlive-stream.us>; <Mayweather-vs-mcgregorlivestream.us>; <Mayweathervs-mcgregorlivestreaming.us>;<Mayweather-vs-mcgregorlivestreaming.us>; <Mayweathervsmcgregorppvbuys.us>;<Mayweathevsrmcgregorppvfight.us>; <Mcgregorvsfloydmayweather.us>;<Mcgregorvsmayweatherppvfight.us>; <Watchconormcgregorfightonline.us>;<Watchmayweathervsmcgregorlive.us>; <Watchmayweathervsmcgregorlivestream.us>;<Watchmayweathevsrmcgregorlivefig ht.us>;<Watchmayweathevsrmcgregorppvfight.us>;<Watchmcgregorvsmayweather.u s>;<Watchmcgregorvsmayweatherlive.us>;<Watchmcgregorvsmayweatherlivestream .us>; <mayweathervs-mcgregor.us>; <mayweathervsmcgregorliveonline.us>; <mayweathervsmcgregorliveppv.us>; <mayweathervsmcgregorlivestream.us>; and <mayweathervmcgregorppvbuys.us>; and JOHN DOES 3-10 inclusive (collectively, "Defendants"), alleges as follows:

COMPLAINT

## JURISDICTION AND VENUE

1.    This lawsuit arises from Defendants' anticipated knowing and intentional violation of the federal Copyright Act (17 U.S.C. §§ 101, *et seq.*).

2.    This Court has subject matter jurisdiction pursuant to 17 U.S.C. §§ 411(c) and 501, and pursuant to 28 U.S.C. § 1331, and § 1338(a).

3.    Venue in this district is proper pursuant to 28 U.S.C. § 1391.

4.    Plaintiff is informed and believes and on that basis alleges that personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff, is offering and intends to distribute over the Internet copyrighted works for which Plaintiff will own certain exclusive rights granted by the Copyright Act when those works are fixed in a tangible medium of expression simultaneously with their first transmission.  On information and belief, such unlawful distribution is expected to occur in every jurisdiction in the United States, including this one.

5.    In addition, Plaintiff is also informed and believes and on that basis alleges that Defendants are deliberately exploiting the California market for profit and have entered into one or more contracts with California companies for services that are necessary to keep the websites at issue in this complaint operating.

## THE PARTIES

6.    Plaintiff Showtime Networks Inc. ("Showtime") is a company organized and existing under the laws of Delaware, having its principal place of business at 1633 Broadway, 16th Floor, New York, New York 10019.

7.    Plaintiff is currently unaware of the identities of Defendant John Doe 1 d/b/a Kopa Mayweather d/b/a <Livestreamhdq.com>; <mayweathervsmcgregor.livestreamhdq.com>; <mayweathermcgregor.livestreamhdq.com>; and <mcgregorvsmayweather.livestreamhdq.com>;  (hereafter "LiveStreamHDQ"), John Doe 2 d/b/a Mickel Edwards d/b/a, <Floydmayweatherconormcgregor.us>;

COMPLAINT

<Floydmayweathervsconormcgregorfight.us>;<Floydmayweathervsmcgregor.us>; <Mayweathermcgregorfight.us>;<Mayweathermcgregorlivefight.us>;<Mayweatherv sconorlive.us>;<Mayweathervsconormcgregorlive.us><Mayweathervsmcgregor.us>; <Mayweathervsmcgregor2017live.us>;<Mayweathervsmcgregorboxing.us>;<Maywe athervsmcgregorbuytickets.us>;<Mayweathervs-mcgregorlive.us>;<Mayweather-vs-mcgregorlive.us>;<Mayweather-vs-mcgregor-live.us>; <Mayweathervsmcgregorliveboxing.us>;<Mayweathervsmcgregorlive-boxing.us>;<Mayweathervsmcgregorlive-fight.us>;<Mayweathervsmcgregorlive-online.us>;<Mayweathervsmcgregorlive-ppv.us>;<Mayweathervsmcgregor-live-stream.us>;<Mayweathervs-mcgregorlivestream.us>;<Mayweathervs-mcgregorlive-stream.us>; <Mayweather-vs-mcgregorlivestream.us>; <Mayweathervs-mcgregorlivestreaming.us>;<Mayweather-vs-mcgregorlivestreaming.us>; <Mayweathervsmcgregorppvbuys.us>;<Mayweathevsrmcgregorppvfight.us>; <Mcgregorvsfloydmayweather.us>;<Mcgregorvsmayweatherppvfight.us>; <Watchconormcgregorfightonline.us>;<Watchmayweathervsmcgregorlive.us>;<Wat chmayweathervsmcgregorlivestream.us>;<Watchmayweathevsrmcgregorlivefight.us >;<Watchmayweathevsrmcgregorppvfight.us>;<Watchmcgregorvsmayweather.us>;<Watchmcgregorvsmayweatherlive.us>;<Watchmcgregorvsmayweatherlivestream.us>; <mayweathervs-mcgregor.us>; <mayweathervsmcgregorliveonline.us>; <mayweathervsmcgregorliveppv.us>; <mayweathervsmcgregorlivestream.us>; and <mayweathervmcgregorppvbuys.us>, and John Does 3-10, who are, on information and belief, assisting Defendant John Does 1 and 2 in the unauthorized live Internet stream of the Coverage (as defined in Paragraph 12, *infra*), and therefore sue these Defendants by such fictitious names.

## **PLAINTIFF'S RIGHTS**

8.     This action relates to the coverage of the highly anticipated championship boxing match between the legendary undefeated boxer Floyd

COMPLAINT

Mayweather, Jr. ("Mayweather") and the reigning Ultimate Fighting Championship ("UFC") Lightweight Champion Conor McGregor ("McGregor"), which will occur on Saturday, August 26, 2017 at the T-Mobile Arena in Paradise, Nevada (the "Fight").

9.     The Fight has garnered widespread media coverage and public interest, pitting a traditional boxing legend against a verifiable mixed martial arts superstar. Mayweather is undefeated with a perfect 49-0 record, having earned nine major world titles and headlined five of the six highest-grossing fights in history, and coming out of retirement specifically for this Fight.  McGregor is the only fighter in UFC history to hold championship titles in two different divisions simultaneously, and is currently the reigning UFC Lightweight division Champion.

10.     Mayweather and McGregor embarked on an international press tour for the Fight, holding press conferences in Los Angeles, New York, Toronto and London.  Much of the promotion and marketing for the Fight has centered on California, which is one of the most important boxing markets in the country.  The Los Angeles press conference announcing the Fight received extensive coverage in California and throughout the country, including by nationally recognized news outlets such as *Time Magazine*, *Forbes*, *Rolling Stone* and *The Washington Post*. California news outlets have also devoted significant resources to covering the Fight.

11.     The Fight will be fixed as an audiovisual recording by an authorized camera and production crew at the same time it is being transmitted live to consumers throughout the world including via licensed pay-per-view access.

12.     In the United States, the live transmission and/or performance will be produced exclusively by Plaintiff.  The live transmission and/or performance of the Fight and the preceding undercard bouts are referred to in this Complaint as the "Coverage."

/ / /

COMPLAINT

13.     Plaintiff owns and controls the exclusive rights to, among other rights, reproduce and transmit the Coverage within the United States and Canada.

14.     Plaintiff intends to register the copyright in the Coverage within three months after August 26, 2017.

15.     Consumers in the United States will be able to purchase pay-per-view access to the Coverage from Showtime and its licensed distributors (the "Licensed Distributor(s)"), which Coverage will commence at approximately 9:00 p.m. Eastern Time on August 26, 2017, with three undercard bouts and then the Fight itself, continuing until the Fight's conclusion.  Consumers in the United States can purchase such access to the Coverage from a Licensed Distributor for a retail price in the range of $89.95-$99.99.

16.     An article published on June 28, 2017, on the Forbes website noted that the Fight "will redefine the term profitable sporting event on August 26 when it breaks all of [Mayweather's] previous financial records for a single bout – the uber-lucrative fight with Manny Pacquiao included."

17.     Other than Plaintiff's Licensed Distributors, there are no distributors authorized to provide live pay-per-view access to the Coverage in the United States and Canada.  Defendants are not Licensed Distributors.

## **DEFENDANTS' UNLAWFUL CONDUCT**

18.     The Defendants are seeking to benefit from this high profile live Fight by infringing the rights of Plaintiff.

19.     The website operated by Defendant John Doe 1, <Livestreamhdq.com> ("LiveStreamHDQ"), is an illicit live streaming website.  Plaintiff has had extensive experience trying to prevent live streaming websites from engaging in the unauthorized reproduction and distribution of Plaintiff's copyrighted works in the past.  In addition to bringing litigation, this experience includes sending cease and desist demands to LiveStreamHDQ in response to its unauthorized live streaming of the record-breaking fight between Floyd Mayweather, Jr. and Manny Pacquiao.

COMPLAINT

20. LiveStreamHDQ has set up three separate websites containing the words "Mayweather" and "McGregor" in the website address (collectively "LiveStreamHDQ Websites"):

a. &lt;Mayweathervsmcgregor.livestreamhdq.com&gt;;

b. &lt;Mayweathermcgregor.livestreamhdq.com&gt;; and

c. &lt;Mcgregorvsmayweather.livestreamhdq.com&gt;.

Each of these websites advertises and promotes an unauthorized live stream of the Fight. See **Exhibits 1-3**.

21. The registrant information for the LiveStreamHDQ Websites includes the unverified name "Kopa Mayweather," an incomplete postal address, an invalid phone number, and the email address sahed5474@gmail.com.

22. In addition to operating the three LiveStreamHDQ Websites referenced above, on information and belief, LiveStreamHDQ is also involved in the operation of a network of at least forty-one other affiliate websites that have been created specifically to target people searching for a way to access a live stream of the Fight online. In order to specifically target consumers of the Fight, the below forty-one websites have been created using the names of the fighters in the website address, and all end in the ".us" country code top-level domain (collectively the ".US Affiliate Websites).

(1) &lt;Floydmayweatherconormcgregor.us&gt;;

(2) &lt;Floydmayweathervsconormcgregorfight.us&gt;;

(3) &lt;Floydmayweathervsmcgregor.us&gt;;

(4) &lt;Mayweathermcgregorfight.us&gt;;

(5) &lt;Mayweathermcgregorlivefight.us&gt;;

(6) &lt;Mayweathervsconorlive.us&gt;;

(7) &lt;Mayweathervsconormcgregorlive.us&gt;;

(8) &lt;Mayweathervsmcgregor2017live.us&gt;;

(9) &lt;Mayweathervsmcgregorboxing.us&gt;;

COMPLAINT

1    (10)   &lt;Mayweathervsmcgregorbuytickets.us&gt;;

2    (11)   &lt;Mayweathervs-mcgregorlive.us&gt;;

3    (12)   &lt;Mayweather-vs-mcgregorlive.us&gt;;

4    (13)   &lt;Mayweather-vs-mcgregor-live.us&gt;;

5    (14)   &lt;Mayweathervsmcgregorliveboxing.us&gt;;

6    (15)   &lt;Mayweathervsmcgregorlive-boxing.us&gt;;

7    (16)   &lt;Mayweathervsmcgregorlive-fight.us&gt;;

8    (17)   &lt;Mayweathervsmcgregorlive-online.us&gt;;

9    (18)   &lt;Mayweathervsmcgregorlive-ppv.us&gt;;

10    (19)   &lt;Mayweathervsmcgregor-live-stream.us&gt;;

11    (20)   &lt;Mayweathervs-mcgregorlivestream.us&gt;;

12    (21)   &lt;Mayweathervs-mcgregorlive-stream.us&gt;;

13    (22)   &lt;Mayweather-vs-mcgregorlivestream.us&gt;;

14    (23)   &lt;Mayweathervs-mcgregorlivestreaming.us&gt;;

15    (24)   &lt;Mayweather-vs-mcgregorlivestreaming.us&gt;;

16    (25)   &lt;Mayweathervsmcgregorppvbuys.us&gt;;

17    (26)   &lt;Mayweathevsrmcgregorppvfight.us&gt;;

18    (27)   &lt;Mcgregorvsfloydmayweather.us&gt;;

19    (28)   &lt;Mcgregorvsmayweatherppvfight.us&gt;;

20    (29)   &lt;Watchconormcgregorfightonline.us&gt;;

21    (30)   &lt;Watchmayweathervsmcgregorlive.us&gt;;

22    (31)   &lt;Watchmayweathervsmcgregorlivestream.us&gt;;

23    (32)   &lt;Watchmayweathevsrmcgregorlivefight.us&gt;;

24    (33)   &lt;Watchmayweathevsrmcgregorppvfight.us&gt;;

25    (34)   &lt;Watchmcgregorvsmayweather.us&gt;;

26    (35)   &lt;Watchmcgregorvsmayweatherlive.us&gt;;

27    (36)   &lt;Watchmcgregorvsmayweatherlivestream.us&gt;;

28    (37)   &lt;mayweathervs-mcgregor.us&gt;;

COMPLAINT

(38)   <Mayweathervsmcgregorliveonline.us>;

(39)   <Mayweathervsmcgregorliveppv.us>;

(40)   <Mayweathervsmcgregorlivestream.us>; and

(41)   <Mayweathervmcgregorppvbuys.us>.

23.   The registrant information for the .US Affiliate Websites includes the unverified name "Mickel Edwards," an incomplete postal address, an invalid phone number, and the email address jhonjovenjr@gmail.com.

24.   The LiveStreamHDQ Websites and .US Affiliate Websites have overlapping and interrelated email addresses and IP addresses, which on information and belief demonstrate that they are all part of the same network designed to distribute an illegal live stream feed of the Coverage.

25.   The content on the LiveStreamHDQ Websites and .US Affiliate Websites promotes, markets and evidences an intention to infringe Plaintiff's rights by offering unauthorized access to a live stream of the Coverage without authorization.

26.   For example, as of the date of this writing, the home page of <Mayweathervsmcgregor.livestreamhdq.com> states "Watch From Here Mayweather vs Mcgregor Live with 4k Display."  In addition to including this statement on the home page, LiveStreamHDQ has also optimized the content of that website by stuffing it with keywords related to the Fight, including a title that reads "WELCOME TO VISIT FOR MAYWEATHER VS MCGREGOR WEBSITE [sic]," and several subtitles that read: "Mayweather vs McGregor Boxing fight News 24/7: Live video Will Stream on the air.  Join With us for live coverage and the full viewing schedule.  Mayweather vs Mcgregor Live on June From [*sic*];" "Watch Now Mayweather vs Mcgregor Live Stream [*sic*];" and "Mayweather vs Mcgregor Live Stream How to Watch Mayweather vs Mcgregor Live Stream Online Boxing PPV Fight With Hd TV?"  A representative sample of these statements appearing on / / /

COMPLAINT

the home page of <Mayweathervsmcgregor.livestreamhdq.com> is depicted in the graphic below:



27.     Further, the .US Affiliate Websites are all currently formatted as Mayweather v. McGregor blogs populated with articles that are stuffed with keywords related to the Fight.  For example, the website located at <Mayweather-vs-mcgregor-live.us> has a home page bearing the title "Mayweather vs McGregor Live – Online Boxing Fight" and features links to several posts containing articles that appear to be about the Fight.  The <Mayweather-vs-mcgregor-live.us> home page also includes the following subtitles: "Mayweather vs McGregor Live Fight Online at Boxing Floyd Mayweather vs Connor McGregor Fight Live Streaming From Las Vegas, MGM Grand, 2017 [*sic*]."  In addition, the website includes links to previous posts titled "Watch Mayweather vs McGregor Live: Floyd Mayweather vs Conor McGregor Is the Kind of Circus Matchup That Only Boxing Allows;" Mayweather vs Mcgregor Fight Live Online Stream;" "Explanation of Confirming Mayweather vs Mcgregor Live Fight;" "How to Watch Mayweather vs Mcgregor Live Stream To Online Any Place;" "Mayweather vs Mcgregor Live Boxing Tickets Online;" and "Floyd Mayweather vs Mcgregor Live Fight Streaming Online."

28.     On information and belief, Plaintiff alleges that Defendants have engaged in such keyword stuffing as a form of search engine optimization in an

COMPLAINT

1   effort to attract as much web traffic as possible in the form of Internet users

2   searching for a way to access a live stream of the Fight.

3       29.    The success of these search engine optimization efforts is reflected in

4   the high-ranking positions of several of LiveStreamHDQ Websites and .US Affiliate

5   Websites in search results for searches that would typically be run by Internet users

6   seeking access to a live stream of the Fight.

7       30.    For example, a Google search for "Mayweather McGregor Live"

8   resulted in the following four websites being included in the top one-hundred search

9   results:

10              #11:   <Mayweathervsmcgregor.livestreamhdq.com>

11              #38:   <Mayweather-vs-mcgregor-live.us>

12              #51:   <Mayweathervsmcgregorliveboxing.us>

13              #93:   <Watchmayweathervsmcgregorlive.us>

14      31.    Another Google search for "Watch Mayweather McGregor Fight

15   Online" yielded similar results.  That search resulted in the following five websites

16   being included in the top one-hundred search results:

17              #6     <Mayweathervsmcgregor.livestreamhdq.com>

18              #16    <Mayweather-vs-mcgregor-live.us>

19              #21    <Watchconormcgregorfightonline.us>

20              #39    <Mayweather-vs-mcgregorlivestream.us>

21              #63    <Mayweather-vs-mcgregorlive.us>

22      32.    Based on LiveStreamHDQ's prior conduct in promoting and offering

23   unauthorized live streams of other fights, Plaintiff is informed and believes and on

24   that basis alleges that the .US Affiliate Websites will – just before the Fight is

25   broadcast – be populated with links to the LiveStreamHDQ Websites where offers

26   to live stream the Coverage will be made available.  These unauthorized streams are

27   provided for the commercial gain of the pirates, typically by charging a fee,

28   advertising, or both.

COMPLAINT

33.     Plaintiff has not authorized anyone to offer live streams of the Coverage on or through the LiveStreamHDQ Websites or .US Affiliate Websites.

34.     Plaintiff is informed and believes and on that basis alleges that Defendants intend to acquire the infringing stream from one or more third parties who intend to stream the Coverage without authorization.

35.     Plaintiff is informed and believes and on that basis alleges that Defendants know or have reason to know that one or more third parties will obtain the infringing stream from their websites and will redistribute it through other websites.

36.     Defendants' anticipated infringement will cause Plaintiff severe and irreparable harm.

37.     In distributing the Coverage and/or aiding the distribution of the Coverage through unauthorized channels, Defendants will unlawfully usurp exclusive benefits belonging to Plaintiff under the Copyright Act, including the exclusive rights of reproduction, public performance and distribution, among other rights.

38.     Defendants' anticipated unlawful distribution will impair the marketability and profitability of the Coverage, and interfere with Plaintiff's own authorized distribution of the Coverage, because Defendants will provide consumers with an opportunity to view the Coverage in its entirety for free, rather than paying for the Coverage provided through Plaintiff's authorized channels.  This is especially true where, as here, the work at issue is *live* coverage of a *one-time live sporting event whose outcome is unknown*.

39.     Defendants' unauthorized stream also threatens to irreparably harm Plaintiff's relationships with consumers as well as Plaintiff's relationships with its Licensed Distributors, who rely on consumer purchases of access to the Coverage.

40.     Plaintiff's relationships with its Licensed Distributors and with consumers depend on Plaintiff's ability to control when, where and under what

COMPLAINT

conditions the Coverage is distributed.  Defendants, through their anticipated infringing conduct, intend to attempt to interfere with those relationships.

41.    Defendants' infringing stream also threatens to damage Plaintiff's reputation with consumers, as Plaintiff cannot exercise any quality control over Defendants' stream, which may be of inferior quality, subject to technical problems, and may suffer from other quality problems that consumers will mistakenly associate with Plaintiff.

42.    In sum, Defendants' anticipated infringement not only denies Plaintiff the benefits of its exclusive rights in the Coverage granted by the Copyright Act, but it also threatens to irreparably harm Plaintiff's valuable relationships with its Licensed Distributors and with consumers.

43.    These harms cannot be adequately compensated by monetary damages.

44.    Defendants have taken steps to conceal their true identities, locations, and contact information from Plaintiff and from the public.

45.    Plaintiff retained a private investigator who has tried diligently to locate additional information about Defendants' identities or locations but has been unsuccessful.

46.    The only other contact information that Plaintiff has been able to locate that may relate to Defendants is the following email addresses, which were discovered by Plaintiff's investigator: sahedunix@gmail.com; sahedroot@gmail.com; and canelolaralive@gmail.com.[1]

47.    Plaintiff served Defendants with an Advance Notice of Potential Infringement pursuant to 37 C.F.R. § 201.22 on August 11, 2017 (the "Notice"). Plaintiff served the Notice on Defendants by email to each publicly available email address and mailing address identified in the Whois database, as well as the other

///

---

[1] The canelolaralive@gmail.com email address is based on the combination of two names, Saúl "Canelo" Álvarez and Erislandy Lara, boxers who fought in Las Vegas on July 12, 2014.

COMPLAINT

1   related email addresses that Plaintiff's investigator was able to locate.  A true and

2   correct copy of each served Notice is attached hereto as **Exhibit 4**.

3       48.    In each Notice, Plaintiff advised Defendants of Plaintiff's rights and

4   demanded that Defendants:  1) remove all references to streaming the Coverage; and

5   2) provide written assurance that they would not stream the Coverage.  *See id*.

6       49.    Plaintiff gave Defendants forty-eight hours to comply with these

7   demands.  *See id.*

8       50.    In sum, Plaintiff is informed and believes and on that basis alleges that

9   it served Defendants with the Notice at every publicly-available physical address

10  and email address that is related to Defendants.  Plaintiff has received confirmation

11  that all copies of the Notice sent by email were delivered.

12      51.    As of the date of this filing, Plaintiff has received just one response to

13  the Notice, from A.K.M. Rakibul Hasan at sahedroot@gmail.com, claiming that he

14  is merely a sports blogger and that his websites do not offer live streaming services.

15  His email does not, however, disclaim his connection to the LiveStreamHDQ

16  Websites nor the .US Affiliate Websites which offer to provide live streams of the

17  Coverage.

18      52.    Based on the foregoing allegations, Plaintiff is informed and believes

19  that Defendants are on actual notice of Plaintiff's rights but nevertheless intend to

20  proceed with their unauthorized and infringing live stream of the Coverage.

21      53.    Defendants' anticipated stream of the Coverage will infringe the

22  exclusive rights of reproduction, distribution and public performance belonging to

23  Plaintiff under the Copyright Act and will cause Plaintiff to suffer immediate and

24  irreparable damage.

25      54.    Plaintiff now seeks immediate assistance from this Court pursuant to 17

26  U.S.C. § 411(c) and other applicable authority.

27  / / /

28  / / /

COMPLAINT

## FIRST CAUSE OF ACTION

**(Direct Federal Copyright Infringement – Against All Defendants)**

**[17 U.S.C. §§ 411(c) & 501, *et seq.*]**

55.     Plaintiff refers to, repeats and realleges all allegations contained in Paragraphs 1 through 54 of this Complaint and incorporates them by reference as though set forth in full.

56.     At all relevant times, Plaintiff has owned and controlled exclusive rights to reproduce and distribute the Coverage in the United States and Canada, including transmitting the Coverage simultaneously as the undercard bouts and the Fight occur live and the Coverage is fixed in a tangible medium of expression.

57.     Plaintiff will own the copyright in the Coverage immediately upon its fixation in a tangible medium of expression.

58.     Plaintiff intends to register the copyright in the Coverage with the U.S. Copyright Office within three months after August 26, 2017.

59.     Plaintiff is informed and believes and on that basis alleges that Defendants received the Notice more than forty-eight hours prior to the commencement of the Coverage.

60.     If not immediately enjoined and restrained, Defendants will willfully, intentionally and knowingly reproduce, distribute and otherwise exploit the Coverage without Plaintiff's authorization, consent or approval in violation of Plaintiff's rights under the Copyright Act.

61.     Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, are fully aware of Plaintiff's rights, and Defendants intend to infringe Plaintiff's rights willfully, knowingly and with wanton disregard.

62.     In the absence of immediate, preliminary and permanent injunctive relief, Defendants' conduct will cause Plaintiff irreparable harm for which there is no adequate remedy at law, and will also damage Plaintiff in an amount which cannot be accurately computed at this time.

## SECOND CAUSE OF ACTION

**(Contributory Federal Copyright Infringement – Against All Defendants)**

**[17 U.S.C. §§ 411(c) & 501, *et seq*.]**

63.    Plaintiff refers to, repeats and realleges all allegations contained in Paragraphs 1 through 62 of this Complaint and incorporates them by reference as though set forth in full.

64.    At all relevant times, Plaintiff has owned and controlled exclusive rights to reproduce and distribute the Coverage in the United States and Canada, including transmitting the Coverage simultaneously as the undercard bouts and the Fight occur live and the Coverage is fixed in a tangible medium of expression.

65.    Plaintiff will own the copyright in the Coverage immediately upon its fixation in a tangible medium of expression.

66.    Plaintiff intends to register the copyright in the Coverage with the U.S. Copyright Office within three months after August 26, 2017.

67.    Plaintiff is informed and believes and on that basis alleges that Defendants received the Notice more than forty-eight hours prior to the commencement of the Coverage.

68.    Plaintiff is informed and believes and on that basis alleges that Defendants will materially contribute to direct infringement of its rights in the Coverage by others, including without limitation third parties from whom Defendants acquire the infringing stream and third parties who use other websites to redistribute the infringing stream from the LiveStreamHDQ Websites and/or .US Affiliate Websites.  Each such violation of Plaintiff's rights constitutes a separate and distinct act of copyright infringement.

69.    Defendants will be liable as contributory infringers for each such act of copyright infringement.  Defendants have knowledge of this infringement, including without limitation because Plaintiff notified them that streaming the Coverage infringes Plaintiff's rights.

COMPLAINT

70.     Despite being on actual notice that their conduct will infringe Plaintiff's rights, Defendants continue to represent to Plaintiff and to the public that they intend to cause, enable, induce, facilitate and materially contribute to the infringement by providing their users with unauthorized and infringing streams of the Coverage.

71.     Through the conduct described above, Defendants will be contributorily liable for the infringement described herein.

72.     Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, are fully aware of Plaintiff's rights, and intend to infringe Plaintiff's rights willfully, knowingly and with wanton disregard.

73.     In the absence of immediate, preliminary and permanent injunctive relief, Defendants' conduct will cause Plaintiff irreparable harm for which there is no adequate remedy at law, and will also damage Plaintiff in an amount which cannot be accurately computed at this time but will be proven at trial.

## THIRD CAUSE OF ACTION

**(Vicarious Federal Copyright Infringement – Against All Defendants)**

**[17 U.S.C. §§ 411(c) & 501, *et seq*.]**

74.     Plaintiff refers to, repeats and realleges all allegations contained in Paragraphs 1 through 73 of this Complaint and incorporates them by reference as though set forth in full.

75.     At all relevant times, Plaintiff has owned and controlled exclusive rights to reproduce and distribute the Coverage in the United States and Canada, including transmitting the Coverage simultaneously as the undercard bouts and the Fight occur live and the Coverage is fixed in a tangible medium of expression.

76.     Plaintiff will own the copyright in the Coverage immediately upon its fixation in a tangible medium of expression.

77.     Plaintiff intends to register the copyright in the Coverage with the U.S. Copyright Office within three months after August 26, 2017.

COMPLAINT

78.     Plaintiff is informed and believes and on that basis alleges that Defendants received the Notice more than forty-eight hours prior to the commencement of the Coverage.

79.     Plaintiff is informed and believes and on that basis alleges that third parties will use the LiveStreamHDQ Websites and/or .US Affiliate Websites to directly infringe Plaintiff's rights in the Coverage, including without limitation by using other websites to redistribute the infringing stream from Defendants' websites. Each such violation of Plaintiff's rights constitutes a separate and distinct act of copyright infringement.

80.     Defendants will be liable as vicarious infringers for the copyright infringement committed via their websites.  At all relevant times, Defendants (i) have had the right and ability to control and/or supervise the infringing conduct of third parties who will redistribute the infringing stream, and (ii) on information and belief, have had a direct financial interest in and will benefit financially from, such infringing conduct.

81.     Plaintiff is informed and believes and on that basis alleges that Defendants and each of them have the right and ability to supervise this infringing conduct because, among other things, Defendants operate the LiveStreamHDQ Websites and .US Affiliate Websites and exercise direct control over the content that is made available through those websites, and the conditions under which such content can be accessed.

82.     Through the conduct described above, Defendants will be vicariously liable for the infringement described herein.

83.     Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, are fully aware of Plaintiff's rights, and intend to infringe Plaintiff's rights willfully, knowingly, and with wanton disregard.

84.     In the absence of immediate, preliminary and permanent injunctive relief, Defendants' conduct will cause Plaintiff irreparable harm for which there is

COMPLAINT

no adequate remedy at law, and will also damage Plaintiff in an amount which cannot be accurately computed at this time but will be proven at trial.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court:

1. Enter judgment for Plaintiff and enter a temporary restraining order, preliminary injunction and permanent injunction:

    a. Prohibiting Defendants and each of them, including without limitation their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all other persons who receive actual notice of the order and who are in active concert or participation with any of them from:

        i. making the Fight available for viewing by knowingly hosting, linking to, distributing, reproducing, performing, selling, offering for sale, making available for download, streaming or making any other use of the Coverage or any portion thereof;

        ii. taking any action that induces, causes or materially contributes to the direct infringement of Plaintiff's rights in the Coverage by any third party, including without limitation knowingly hosting, linking to, distributing, reproducing, performing, selling, offering for sale, making available for download, streaming or making any other use of the Coverage or any portion thereof;

        iii. otherwise infringing Plaintiff's rights in any manner, whether directly, contributorily, vicariously or in any other way; and

        iv. transferring or performing any function that results in the transfer of the registration of the LiveStreamHDQ Websites or .US Affiliate Websites to any other registrant or registrar.

    b. Prohibiting Defendants and each of them, including without limitation their agents, servants, employees, officers, attorneys, successors,

COMPLAINT

licensees, partners, and assigns and all those knowingly acting in active concert or participation with any of them, from effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

2.    That the Court award Plaintiff actual damages, profits and/or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff.

3.    That the Court award Plaintiff its costs of suit incurred herein, including its attorneys' fees and investigators' fees incurred by Plaintiff in investigating Defendants' unlawful conduct, as provided by applicable law.

4.    That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

5.    That the Court grant Plaintiff such other and further relief as it deems just and equitable.


DATED:  August 15, 2017                Respectfully submitted,
                                       KILPATRICK TOWNSEND & STOCKTON LLP

                                       By:    /s/ Dennis L. Wilson
                                              DENNIS L. WILSON
                                              Attorney for Plaintiff
                                              SHOWTIME NETWORKS INC.


KILPATRICK TOWNSEND 70056270 1

COMPLAINT