1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SHOWTIME NETWORKS INC., | CASE NO. 2:17-CV-06041-AB (KS) |
| Plaintiff, | |
| v. | **[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |
| JOHN DOE 1 d/b/a Kopa Mayweather d/b/a <Livestreamhdq.com>; <mayweathervsmcgregor.livestreamhdq.com>; <mayweathermcgregor.livestreamhdq.com>; <mcgregorvsmayweather.livestreamhdq.com>; and JOHN DOE 2 d/b/a Mickel Edwards d/b/a <Floydmayweatherconormcgregor.us>; <Floydmayweathervsconormcgregorfight.us>;<Floydmayweathervsmcgregor.us>;<Mayweathermcgregorfight.us>;<Mayweathermcgregorlivefight.us>;<Mayweathervsconorlive.us>;<Mayweathervsconormcgregorlive.us><Mayweathervsmcgregor.us>; <Mayweathervsmcgregor2017live.us>;<Mayweathervsmcgregorboxing.us>;<Mayweathervsmcgregorbuytickets.us>;<Mayweathervs- | |

| | |
|---|---|
| 1 | mcgregorlive.us>;<Mayweather-vs-mcgregorlive.us>;<Mayweather-vs-mcgregor-live.us>; <Mayweathervsmcgregorliveboxing.us>; <Mayweathervsmcgregorlive-boxing.us>;<Mayweathervsmcgregorlive-fight.us>;<Mayweathervsmcgregorlive-online.us>;<Mayweathervsmcgregorlive-ppv.us>;<Mayweathervsmcgregor-live-stream.us>;<Mayweathervs-mcgregorlivestream.us>;<Mayweathervs-mcgregorlive-stream.us>; <Mayweather-vs-mcgregorlivestream.us>; <Mayweathervs-mcgregorlivestreaming.us>;<Mayweather-vs-mcgregorlivestreaming.us>; <Mayweathervsmcgregorppvbuys.us>; <Mayweathevsrmcgregorppvfight.us>; <Mcgregorvsfloydmayweather.us>; <Mcgregorvsmayweatherppvfight.us>; <Watchconormcgregorfightonline.us>; <Watchmayweathervsmcgregorlive.us>; <Watchmayweathervsmcgregorlivestream.us>;<Watchmayweathevsrmcgregorlivefight.us>;<Watchmayweathevsrmcgregorppvfight.us>;<Watchmcgregorvsmayweather.us>;<Watchmcgregorvsmayweatherlive.us>; <Watchmcgregorvsmayweatherlivestream.us>; <mayweathervs-mcgregor.us>; <mayweathervsmcgregorliveonline.us>; <mayweathervsmcgregorliveppv.us>; <mayweathervsmcgregorlivestream.us>; and <mayweathervmcgregorppvbuys.us> and JOHN DOES 3-10 inclusive, <br><br>Defendants. |

This matter came before the Court on the *ex parte* application for a Temporary Restraining Order and to Show Cause why a Preliminary Injunction Should not Issue, filed by plaintiff Showtime Networks Inc. ("Plaintiff"). The Court has considered the papers submitted by Plaintiff and, finding good cause, hereby GRANTS Plaintiff's application.

The Court finds that Plaintiff has satisfied the requirements for a temporary restraining order and an order to show cause why a preliminary injunction should not issue. Plaintiff has established that it is likely to succeed on the merits of its claims. Plaintiff has established that it owns the exclusive rights to, among other things, reproduce and distribute the coverage of the August 26, 2017, fight between Floyd Mayweather, Jr. and Conor McGregor, including the three undercard bouts (altogether, the "Coverage") within the United States and Canada. Plaintiff properly served Defendants with the Advance Notice of Potential Infringement required by 17 U.S.C. § 411(c) and 37 C.F.R. § 201.22 more than forty-eight hours before the August 26, 2017, fight, and Plaintiff intends to register the copyright in the Coverage with the United States Copyright Office within three months after August 26, 2017. The Coverage will be protected under the Copyright Act as it is fixed in a tangible medium of expression simultaneously with its initial transmission.

Plaintiff has presented compelling evidence that Defendants intend to provide an unauthorized stream of the Coverage through the following LiveStreamHDQ Websites and .US Affiliate Websites (as identified in the Complaint and evidenced by the Declaration of Robert Brasich (the "Brasich Decl.")):

   (1) &lt;Mayweathervsmcgregor.livestreamhdq.com&gt;;
   (2) &lt;Mayweathermcgregor.livestreamhdq.com&gt;;
   (3) &lt;Mcgregorvsmayweather.livestreamhdq.com&gt;;
   (4) &lt;Floydmayweatherconormcgregor.us&gt;;
   (5) &lt;Floydmayweathervsconormcgregorfight.us&gt;;
   (6) &lt;Floydmayweathervsmcgregor.us&gt;;

[PROPOSED] TEMPORARY RESTRAINING ORDER   - 3 -
CASE NO. 2:17-CV-06041

| | | |
|---|---|---|
| 1 | (7) | <Mayweathermcgregorfight.us>; |
| 2 | (8) | <Mayweathermcgregorlivefight.us>; |
| 3 | (9) | <Mayweathervsconorlive.us>; |
| 4 | (10) | <Mayweathervsconormcgregorlive.us>; |
| 5 | (11) | <Mayweathervsmcgregor2017live.us>; |
| 6 | (12) | <Mayweathervsmcgregorboxing.us>; |
| 7 | (13) | <Mayweathervsmcgregorbuytickets.us>; |
| 8 | (14) | <Mayweathervs-mcgregorlive.us>; |
| 9 | (15) | <Mayweather-vs-mcgregorlive.us>; |
| 10 | (16) | <Mayweather-vs-mcgregor-live.us>; |
| 11 | (17) | <Mayweathervsmcgregorliveboxing.us>; |
| 12 | (18) | <Mayweathervsmcgregorlive-boxing.us>; |
| 13 | (19) | <Mayweathervsmcgregorlive-fight.us>; |
| 14 | (20) | <Mayweathervsmcgregorlive-online.us>; |
| 15 | (21) | <Mayweathervsmcgregorlive-ppv.us>; |
| 16 | (22) | <Mayweathervsmcgregor-live-stream.us>; |
| 17 | (23) | <Mayweathervs-mcgregorlivestream.us>; |
| 18 | (24) | <Mayweathervs-mcgregorlive-stream.us>; |
| 19 | (25) | <Mayweather-vs-mcgregorlivestream.us>; |
| 20 | (26) | <Mayweathervs-mcgregorlivestreaming.us>; |
| 21 | (27) | <Mayweather-vs-mcgregorlivestreaming.us>; |
| 22 | (28) | <Mayweathervsmcgregorppvbuys.us>; |
| 23 | (29) | <Mayweathevsrmcgregorppvfight.us>; |
| 24 | (30) | <Mcgregorvsfloydmayweather.us>; |
| 25 | (31) | <Mcgregorvsmayweatherppvfight.us>; |
| 26 | (32) | <Watchconormcgregorfightonline.us>; |
| 27 | (33) | <Watchmayweathervsmcgregorlive.us>; |
| 28 | (34) | <Watchmayweathervsmcgregorlivestream.us>; |

|   |     |                                              |
|---|-----|----------------------------------------------|
| (35) | <Watchmayweathevsrmcgregorlivefight.us>; |
| (36) | <Watchmayweathevsrmcgregorppvfight.us>; |
| (37) | <Watchmcgregorvsmayweather.us>; |
| (38) | <Watchmcgregorvsmayweatherlive.us>; |
| (39) | <Watchmcgregorvsmayweatherlivestream.us>; |
| (40) | <mayweathervs-mcgregor.us>; |
| (41) | <Mayweathervsmcgregorliveonline.us>; |
| (42) | <Mayweathervsmcgregorliveppv.us>; |
| (43) | <Mayweathervsmcgregorlivestream.us>; and |
| (44) | <Mayweathervmcgregorppvbuys.us>. |

Plaintiff, through the Brasich Decl., has presented screen shots in which Defendants represent that they intend to provide an unauthorized online stream of the live Coverage as it is initially transmitted. Defendants have not complied with Plaintiff's demands that they remove references to the anticipated infringement and refrain from streaming Coverage of the Fight, nor have they responded to Plaintiff's Advance Notice of Potential Infringement. Even if the Defendants were to halt their promotion of their unauthorized live stream by temporarily shutting down their network of sites, these sites could be reactivated minutes before the Fight begins, leaving Plaintiff with no remedy until after the damage has been done. If Defendants were to proceed with their anticipated unauthorized stream of the Coverage, they would violate exclusive rights owned by Plaintiff under the Copyright Act, including without limitation the exclusive rights of reproduction and public performance.

Plaintiff has established that it will suffer irreparable harm in the absence of immediate relief. Among other things, Defendants' threatened infringement would strip Plaintiff of the critical right of first transmission and publication of an extremely valuable live sporting event, would interfere with Plaintiff's relationships with third parties, is likely to damage Plaintiff's goodwill among consumers, and will deprive Plaintiff of revenue that will be difficult or impossible to calculate, but is likely far in

excess of any amount that Defendants could repay to Plaintiff in damages even if the amount could be calculated.

The balance of equities also tips sharply in Plaintiff's favor. The Court is not aware of any legitimate interest of Defendants that would be damaged by Plaintiff's requested injunction.

An injunction is also in the public interest because it will effectuate the policy and purpose of the Copyright Act to protect intellectual property rights and to incentivize the creation of copyrightable works.

The Court finds that no bond is required in this case because there is no realistic likelihood that Defendants will be harmed by Plaintiff's requested injunction.

The Court also finds that *ex parte* relief is appropriate in this case because Plaintiff has acted expeditiously and has established that it will suffer irreparable harm if its application is heard on the normal motion calendar. Plaintiff also gave Defendants notice of this application, providing them an opportunity to be heard.

Accordingly, the Court, pursuant to 17 U.S.C. §§ 502 and 512(j) and the Court's equitable powers, hereby ORDERS as follows:

1. Each and every one of the Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all other persons who receive actual notice of this Order and who are in active concert or participation with any of them, are temporarily restrained and enjoined from:

   a. making the Fight available for viewing by others by knowingly hosting, distributing, reproducing, performing, selling, offering for sale, making available for download, streaming or making any other use of the Coverage or any portion thereof;

   b. taking any action that induces, causes or materially contributes to the direct infringement of Plaintiff's rights in the Coverage by any third party, including without limitation knowingly hosting, distributing, reproducing, performing, selling, offering for sale, making available for

        download, streaming or making any other use of the Coverage or any portion thereof;

   c. otherwise infringing Plaintiff's copyright in the Coverage in any manner, whether directly, contributorily, vicariously or in any other way; and

   d. transferring or performing any function that results in the transfer of the registration of the LiveStreamHDQ website or .US Affiliate Websites to any other registrant or registrar.

2. It is further ordered that Defendants and each of them, including without limitation their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all other persons who receive actual notice of this Order and who are in active concert or participation with any of them are temporarily restrained and enjoined from effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

3. This temporary restraining order is issued and effective as of 5:00 p.m. Pacific Time on August 18, 2017 and will expire at 10:00 a.m. Pacific Time on August 28, 2017.

4. Plaintiff is not required to post any bond prior to the issuance of this temporary restraining order.

5. Defendants and each of them must show cause why the terms of this Temporary Restraining Order set forth in Paragraphs 1 through 3 above should not be entered as a preliminary injunction. For purposes of this Order to Show Cause, the Court construes Plaintiff's application as a motion for entry of a preliminary injunction, and hereby sets a hearing on Plaintiff's motion on August 28, 2017 at 10:00 a.m. Pacific Time. Any opposition to Plaintiff's motion must be filed and served on all parties no later than 12:00 p.m. Pacific Time on August 24, 2017. Plaintiff shall file its reply to any opposition no later than 5:00 p.m. Pacific Time on August 25, 2017.

6. No later than 12:00 p.m. Pacific Time on August 21, 2017, Plaintiff shall give each of the Defendants notice of this Order by electronic mail and overnight delivery to the same addresses Plaintiff used to serve the Advance Notice of Potential Infringement. Plaintiff's obligations under this Paragraph 6 shall be satisfied once the email notices have been sent and the hard copy notices have been delivered to an overnight courier. Plaintiff has no obligation to further confirm that the notice was successfully delivered or to re-send any notice that is returned as undeliverable for any reason. Plaintiff shall file a declaration attesting to its compliance with this Paragraph 6 no later than 5:00 p.m. on August 21, 2017.

7. Plaintiff shall include a copy of this Order in any correspondence it sends to any person or entity it believes is acting in active concert or participation with any of Defendants.

8. Plaintiff may apply to this Court for modifications of this Temporary Restraining Order as appropriate.

IT IS SO ORDERED

Entered this 18th day of August, 2017.

_____

Hon. André Birotte Jr.

United States District Judge